IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARLOS MELENDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 2:04-CV-420 |
| ) | (2:03-CR-37) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by pro se Petitioner, Carlos Melendez, on October 12, 2004. For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **with prejudice**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 05937-027), Federal Correctional Institution, P.O. Box 1000, Oxford, Wisconsin, 53952-1000, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On April 7, 2003, Melendez pled guilty to the charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the plea agreement, Melendez waived his right to appeal

his sentence and to file for post-conviction relief. His plea agreement provides in pertinent part as follows:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. I agree that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in paragraph 9(c) of this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding including, but not limited to, a proceeding under Title 28, United States Code, section 2255.

(Plea Agreement ¶ 9(l).) The plea agreement informs Melendez that the statutory maximum penalty of incarceration was 10 years. (Plea Agreement ¶ 9(d).) Additionally, in the plea agreement, Melendez admitted that he sold cocaine powder from the residence where the gun was recovered. (Plea Agreement ¶ 9(f)(iii).)

Petitioner's change of plea hearing took place on April 7, 2003. Before Melendez's sentencing hearing, the probation department prepared a presentence report ("PSR"), which determined that Melendez's base offense level was 20, and the Court enhanced it by 4 levels because the offense was committed in connection with the admitted drug deals. (PSR ¶¶ 19-20.) After receiving credit for acceptance of responsibility, Melendez was sentenced on June 30, 2003, to be imprisoned for a term of 46 months, and 2 years of supervised release. Judgment was entered on July 7, 2003. Melendez did not file

a direct appeal with the Seventh Circuit.

Melendez filed the instant 2255 petition, along with a memorandum in support, on October 12, 2004. He contends that the Federal Sentencing Guidelines (the "Guidelines") are unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Melendez also argues that his Sixth Amendment rights were violated because this Court wrongfully increased his sentence by 4 levels - to which he did not plead guilty, and a jury did not adjudge him guilty of the sentencing enhancement.

In response, the Government advances three arguments. First, the Government contends that Melendez waived his right to file a section 2255 petition challenging his sentence. Second, the Government claims that the petition is barred by the applicable one-year statute of limitations. Finally, the Government argues that *Blakely* does not apply retroactively to claims for post-conviction relief.

DISCUSSION

Relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Waiver

Melendez alleges that this Court improperly increased his sentence by four levels pursuant to Guideline § 2k2.1(b)(5). He also claims that *Blakely* and *Booker* rendered the Guidelines facially unconstitutional. However, in Melendez's plea agreement, Melendez expressly waived his right to appeal his sentence on any ground, as well as waived his right to contest his sentence in a section 2255 proceeding. (Plea Agreement ¶ 9(l).) The Court therefore agrees with the Government that Melendez has waived his right to challenge his sentence on these bases.

The Seventh Circuit has recognized the validity of plea agreement waivers, and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145.

In *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

As recognized by the Government, in this case, Melendez does not allege that he did not understand his plea agreement, or that the waiver was not knowingly or voluntarily made. Melendez also does not allege that his counsel was ineffective with regard to the negotiation of the waiver. Because Melendez's challenge is unrelated to the voluntariness of the waiver or ineffective assistance of counsel, Melendez waived his right to seek post-conviction relief. *See Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145.

Statute of Limitations

The Government argues that even if Melendez did not waive his

right to bring the instant motion, his section 2255 petition is barred by the applicable 1-year statute of limitations.

Section 2255 contains a one-year statute of limitation which runs from the latest of:  (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.  "[A] collateral attack under § 2255 must be filed after the date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F. 3d 1077, 1078 (7th Cir. 1999).

In this case, Melendez's conviction was entered on July 7, 2003, and his conviction became final when the time for appeal lapsed on July 17, 2003.  *See* Fed. R. App. P. 4(b)(1)(A) (providing 10 days in which a defendant may file a notice of appeal in a criminal case). No Government action prevented Melendez from filing a timely petition, and there is no Supreme Court decision that creates a retroactively applicable right for Melendez.  Accordingly, Melendez's petition also fails because it is barred by the one-year statute of limitations.

*Blakely/Booker*

Even assuming, *arguendo*, that Melendez did not waive his right to file a section 2255 motion challenging his sentence, and that his claim was not barred by the applicable statute of limitations, Melendez's claim would still fail because Blakely's change to the law is not available to retroactively impact a final criminal judgment in a section 2255 proceeding. This Court agrees with the Government that *Blakely* has not established a new rule of constitutional law within the meaning of section 2255, nor has the Supreme Court held that *Blakely* is retroactive to cases on collateral review.

Because Melendez's underlying criminal case has long been "final," he cannot pursue a *Blakely/Booker* claim until and unless the Supreme Court makes such claims retroactive to cases on collateral review. *In Re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004). Until then, *Blakely/Booker* claims are not cognizable in section 2255 proceedings. The Seventh Circuit Court of Appeals recently concluded that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *see also Garcia v. United States*, No. 04-CV-0465, 2004 WL 1752588, at *5-*7 (N.D.N.Y. August 4, 2004) (conducting *Teague* analysis and concluding *Blakely* does not apply retroactively to section 2255 motions). However, in the unlikely event the Supreme Court makes such claims retroactively applicable to cases on collateral review, Melendez will be able to attempt to pursue such claims by filing a successive 2255 motion. *See*

*Simpson v. United States*, 376 F.3d 679, 682 (7th Cir. 2004) (advising would-be section 2255 petitioner to file successive section 2255 motion if Supreme Court makes *Blakely* retroactive to cases on collateral review).

CONCLUSION

For the foregoing reasons, the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **with prejudice**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 05937-027), Federal Correctional Institution, P.O. Box 1000, Oxford, Wisconsin, 53952-1000, or to such other more current address that may be on file for the Petitioner.


**DATED:  August 24, 2005**                **S/RUDY LOZANO, Judge**
                                           **United States District Court**